

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-5960
Re: Article 1302, Section 83,
V.R.C.S.; extent of Labor Com-
missioners's investigation;
responsibility of Labor Com-
missioner as to initiation of
investigation.

Your opinion request dated May 3, 1944, and filed in
lieu of your opinion request of April 12, 1944, has been re-
ceived in this office and is hereby acknowledged.

Your first question is:

"1. Under Article 1302, Section 83, does
this office, in the absence of statutory qualifi-
cations, have the authority to look beyond the ap-
plication as submitted to determine whether or not
any organization applying for a charter to repre-
sent working people is a bona fide labor organization
and actually representing wage earners before sub-
mitting our recommendations to the Secretary of State?"

It is our opinion that you have authority to look be-
yond the application itself so long as your investigation is
concerned with the "merits" of the application.

House Bill 16, Acts 1941, 47th Legislature, page 350,
chapter 190 reads:

"Section 1. That subdivision 83 of Article
1302, Title 32, Chapter 1 of the Revised Civil
Statutes of the State of Texas, 1925, be, and the
same is hereby amended so as to read hereafter as
follows:

"'83. To organize laborers, working men,
wage earners, and farmers to protect themselves
in their various pursuits; provided however, no
charter shall be issued hereafter to laborers,

working men, or wage earners, or amendment granted
to a charter of a corporation previously created to
organize laborers, working men, or wage earners, or
that may be hereafter created hereunder to organize
laborers, working men, or wage earners, by the
Secretary of State to any person, association or
corporation, for such purposes without an *investi-*
*gation* first having been made by the Commissioner
of Labor Statistics *concerning* such application,
and a favorable recommendation made thereon by said
Commissioner to the Secretary of State. It is ex-
pressly provided that no investigation or recom-
mendation by the Commissioner of Labor Statistics
shall be required or made of applications from
farmers for a charter.' (emphasis added)

"Sec. 2. The fact that there is no adequate
law in the State of Texas which authorizes an in-
vestigation on the *merits of an application* for a
charter, or amendment to a charter, by laborers,
working men, or wage earners, and the further
fact that injustices are being perpetrated upon
unsuspecting working men and wage earners in many
instances where charters or amendments to charters
are granted as herein enumerated, creates an emer-
gency and an imperative public necessity that the
Constitutional Rule requiring bills to be read on
three several days be, and the same is hereby sus-
pended, and this Act shall take effect and be in
force from and after its passage, and it is so en-
acted." (emphasis added)

You will observe that Section 2 of this Act states:
"The fact that there is no adequate law in the State of Texas
which authorizes an investigation on the *merits* of an applica-
tion for a charter . . .", and declares an emergency in connec-
tion with the ends sought by this Act and, at the same time,
states that the Legislature intended this investigation to go
to the merits of the application itself.

Section 1 of this Act provides that no such charter
shall be issued by the Secretary of State ". . . without an
investigation first having been made by the Commissioner of
Labor Statistics *concerning* such application . . ." The ordin-
ary interpretation of the word "concerning" suggests that the
Act shall be more broad than a mere "inspection" or "examina-
tion" of the application. The word "investigation" also sug-
gests a broader meaning.

Your second question is:

"2.  Is it the duty of the office of the
Secretary of State to refer applications for char-
ters, under Section 83, to this office for approval,
or is it the duty of this office to initiate such an
investigation without having same referred to us by
the Secretary of State?"

It is our opinion that, under Article 1302, Section
83, you are not to initiate such investigations until you are
called upon to do so by the Secretary of State.

To take the contrary view and say that you should initi-
ate such investigations on your own motion would produce a
manifestly undesirable result that the Legislature would not
likely have intended.  It would necessitate your checking each
one of the thousands of charter applications that are filed
with the Secretary of State to determine whether you thought
each of them required your investigation.  It would conceivably
result in cases where you would initiate investigations, in-
cur delay, trouble and expense in making them, and then find
that your recommendation would be unnecessary because the Sec-
retary of State would reject the application on other grounds,
or would issue the charter under provisions of another section
of Article 1302, under which he considered the application to
be filed and which required no investigation by your department.

Article 1302, Section 83, which is quoted above, desig-
nates a particular purpose for which a charter may be granted
by the Secretary of State.  It also sets up an essential pre-
requisite which must be complied with before the Secretary of
State has authority to issue a charter under that subsection;
that pre-requisite is that he, the Secretary of State, have
before him your favorable recommendation on the application,
based upon the investigation which has been discussed above.

Article 1302, Section 83 clearly _authorizes_ you to make
these investigations when proper cases arise.  However, we are
unable to find any authority whatsoever which authorizes or
makes it your duty to undertake to determine which pending ap-
plications for charters require your investigation and to
undertake investigations accordingly.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                              By s/W. T. Curry
                                 W. T. Curry
                                 Assistant

WTC:FO:wc

APPROVED MAY 8, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/OS Chairman